UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| William Filiault, ) | Civil Action No. 3:25-cv-30011 |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | |
| CNA Insurance, ) | |
| ) | |
| Defendant. ) | |

## INTRODUCTION

1. This is a claim for unfair insurance claims handling practices, or so-called "bad faith" practices, in violation of M.G.L. c. 176D and 93A.

## PARTIES

2. Plaintiff, William Filiault is an individual who resides in Berkshire County, Massachusetts.

3. Upon information and belief, Defendant, CNA Insurance (hereinafter referred to as "CNA") is an insurance company located in Chicago, Illinois that conducts business in the state of Massachusetts.

4. More specifically, upon information and belief CNA advertises in Massachusetts, enters into contracts in Massachusetts, provides insurance products and services to consumers in Massachusetts, and contracts with hundreds of insurance brokers in Massachusetts.

5. Additionally, upon information and belief, CNA investigates claims for personal injury in Massachusetts, attends mediations in Massachusetts, makes offers to compromise and settle personal injury claims in Massachusetts, contracts with Massachusetts law firms to defend

1

personal injury claims in Massachusetts, and provides insurance policies for Massachusetts businesses and individuals in Massachusetts.

**JURISDICTION AND VENUE**

6. Jurisdiction is appropriate in this court under 28 U.S.C. § 1332 (diversity jurisdiction) in that both parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is appropriate in this Court because the Plaintiff is domiciled in the Western District of Massachusetts and because the nexus of operative events giving rise to the cause of action occurred in the Western District of Massachusetts.

**FACTS**

8. Plaintiff, William Filiault, suffered catastrophic injuries while at work on August 21, 2018 in the town of Lee, Berkshire County, Massachusetts.

9. Specifically, Plaintiff was working as a linesman when a utility pole owned by Verizon, New England, Inc., collapsed beneath him.

10. Mr. Filiault filed suit against Verizon for negligence in Suffolk County, docket number 1984 CV00797.

11. CNA provided an insurance contract to Verizon in which they agreed to provide defense and indemnification for the injuries the Plaintiff sustained.

12. As a result, pursuant to the contract and Massachusetts state law CNA owed a duty to the plaintiff to perform a prompt, fair, and thorough investigation of the claim(s) for injuries and to make a reasonable offer of settlement when liability and damages became reasonably clear.

13. Discovery in the case made it obvious that Verizon had not inspected the utility pole underneath the ground for over sixty years prior to its collapse in 2018.

14. Industry standards and internal Verizon policies required such inspections to occur at least every ten years.

15. Expert reports exchanged between the parties in late 2021 established that liability and damages were reasonably clear at that time.

16. By way of example and not limitation, the defense medical expert admitted that the Plaintiff was severely injured and that he had a permanent disability rating. Thus, damages were reasonably clear.

17. By way of example and not limitation, a liability expert report produced by CNA's counsel attempted to blame the Plaintiff as a cause of his injuries, but the report never defended Verizon's decision not to inspect their poles below ground for over half a century. Thus, liability was reasonably clear.

18. Despite the fact that liability and damages were reasonably clear, CNA never made an offer of settlement until eighteen months later, at the eleventh hour just weeks before trial was scheduled to start.

19. That offer was woefully inadequate.

20. The matter proceeded to trial by jury on July 27, 2023. CNA's insured did not even offer an expert witness to defend Verizon's negligence.

21. The parties engaged in negotiations during trial. The Plaintiff made multiple reasonable and modest demands, under the circumstances. The Defendant continued to make unreasonable and woefully inadequate settlement offers.

22. At one sidebar conference during trial, the trial court informed counsel that it was clear that the jury was going to find that the defendant was negligent. CNA still failed to make a reasonable settlement offer.

23. On August 5, 2023 a jury returned a verdict in the Plaintiff's favor. They determined that the plaintiff had zero comparative negligence and awarded $6,050,000.00 in damages.

24. The Defendant still refused to make a reasonable offer of settlement and, instead, filed a frivolous motion for remittitur.

25. A hearing was held on the motion for remittitur in September, 2023. Although the judge reserved ruling until after a bifurcated trial regarding Verizon's claim that a third party owed them contribution and indemnification, the judge made it clear that she saw no basis to grant the motion.

26. CNA still refused to make a reasonable offer of settlement.

27. The motion for remittitur was denied on December 2, 2024 and final judgment entered in the amount of $10,176,044.90.

28. The Plaintiff sent the Defendant a demand letter pursuant to M.G.L. c. 93A and 176D on December 3, 2024 and proof of service was returned on December 18, 2024.

29. CNA still refused to make a reasonable offer of settlement and, instead, filed a frivolous Notice of Appeal.

30. Upon information and belief, CNA has engaged in scorched earth litigation tactics based on the belief that the Plaintiff, who is disabled and forced to work for low hourly wages due to his injuries, could be forced and coerced into accepting a low-ball settlement offer.

31. Upon information and belief, CNA based its litigation tactics and trial strategy on impermissible considerations, such as bias.

32. Based upon information and belief, this case is not an outlier.  CNA has an intentional and systemic plan, pattern, and practice of unfair claims handling practices as part of its efforts to generate profits.

33. As a result, the Plaintiff was deprived of valuable insurance benefits and was forced to engage in sustained litigation, incurred substantial debt in order to survive, and incurred substantial attorney's fees and expenses associated with the litigation.

### PLAINTIFF'S CLAIMS AGAINST THE DEFENDANT
### COUNT I – VIOLATION OF M.G.L. c. 176D AND 93A

34. The Plaintiff realleges and reavers all prior allegations by reference as if fully stated herein.

35. The Defendant is in the insurance business and, thus, is required to comply with M.G.L. c. 176D in all respects when dealing with claims for bodily injury.

36. The Plaintiff has complied with all statutory prerequisites to filing suit including but not limited to sending a demand letter and allowing for thirty days to pass before filing suit.

37. The Defendant did fail to conduct a prompt, reasonable, thorough, and fair investigation of the Plaintiff's claim(s); did fail to make a reasonable offer of settlement when liability and damages became reasonably clear; did fail to properly acknowledge and act promptly upon communications with respect to claims arising under respective policies; did force the plaintiff to file suit and go to trial in a case where liability and damages were reasonably clear; did base litigation tactics on impermissible and illegal considerations, such as bias; and did tender unreasonably inadequate offers of settlement.

38. The Plaintiff did suffer damages, costs, and expenses due to the defendant's bad faith claims handling practices including but not limited to litigation expenses, usurious interest rates on personal loans and cash advances, and other related expenses.  The plaintiff also suffered emotional distress.

## **PRAYER FOR RELIEF**

The Plaintiff requests that this honorable Court schedule this matter for a bench trial. Furthermore, the Plaintiff requests that this Court order the Defendant to pay the underlying judgment, trebled, plus interest as well as order the defendant to reimburse him for attorney's fees, costs, and expenses.  The Plaintiff respectfully requests that this honorable Court also award any other equitable relief deemed just and proper.

Respectfully submitted,

The Plaintiff,
By his attorneys,

*/s/ John T. Martin*

_____
John T. Martin, BBO #676344
Michaela M. Weaver, BBO #705985
Sullivan & Sullivan LLP
83 Walnut Street
Wellesley, MA 02481
(781) 263-9400
jmartin@sullivanllp.com
mweaver@sullivanllp.com

Dated: January 22, 2025